No. 24,252.

GEORGE A. STEELY, *Appellant,* v. SIDNEY LUCAS *et al., Appellees.*

SYLLABUS BY THE COURT.

TRESPASS—*Four-year-old Boar Running at Large—Damages—Application of Statutes.* The provisions of article 7 of chapter 112 of the General Statutes of 1915, relating to swine running at large, have no application to the running at large of a boar more than three months old. That subject is covered by the provisions of section 11027 of the General Statutes of 1915. For ordinary trespasses committed by such an animal running at large, damages may be recovered, and if the animal be vicious, and be known to be so by the owner, he must keep it safely, or respond in damages resulting from a display of its known propensities.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed February 10, 1923. Reversed.

*W. F. Means,* and *W. E. Archer,* both of Hiawatha, for the appellant.

*Sample F. Newlon, F. M. Pearl,* and *Paul B. Bailey,* all· of Hiawatha, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was to recover damages sustained by the plaintiff when his mule was gored by the defendants' boar. A demurrer to the petition was sustained, and the plaintiff appeals.

The petition charged the boar was about four years old, was breechy and vicious, and would attack persons and domestic animals, all of which was known to the defendants. A demurrer to the petition was filed, and the court held no cause of action was stated, because the petition did not negative exemption from the statute forbidding swine to run at large. (Gen. Stat. 1915, §11035.) The plaintiff amended by pleading that the voters of the township had not voted to be exempt from the provisions of the statute. The court then held the statute of limitations had run.

Chapter 105 of the General Statutes of 1868, relating to stock, contained 59 sections, and was divided into 8 articles. Article 5 embraced sections 38 and 39. Section 39 related to stags. Section 38 related to bulls and boars, and read as follows:

· "Any bull over one year old, or boar three months old, found running at large at any season of the year, shall be considered a stray, and may be taken up at any time or place, and posted as such."

Article 7 related to swine. Section 46 read as follows:

"All persons owning or having charge of any swine in this state, shall keep the same from running at large, except as in this article otherwise provided."

Succeeding sections provided for taking the vote of an organized township on the subject. If the vote were against keeping up swine, section 46 was to be inoperative in that township; otherwise, the section was to be in force, and the owner of swine suffered to run at large was liable in damages for trespass (§ 51). Swine running at large, contrary to the provisions of article 7, could be taken up and posted as strays (§ 53). The result was, a boar three months old was a stray, subject to be taken up and posted as such, whatever the situation in a township respecting the running at large of swine generally. In 1872, section 38 was amended to read as follows:

"If any bull over one year old or boar over three months old be permitted to run at large, the owner of the same shall be guilty of a misdemeanor, and on conviction thereof shall be fined for the first offense five dollars, and for every subsequent offense shall be fined ten dollars." (Gen. Stat. 1915, § 11027.)

This statute is still in force.

The provisions of article 7, which are now contained in article 7 of chapter 112 of the General Statutes of 1915, have no application to the running at large of a boar more than three months old. That subject is covered by the provisions of section 11027 of the General Statutes of 1915. For ordinary trespasses committed by such an animal running at large, damages may be recovered, and if the animal be vicious, and be known to be so by the owner, he must keep it safely, or respond in damages resulting from a display of its known propensities.

The judgment of the district court is reversed, and the cause is remanded with direction to disregard the amendment to the petition and to overrule the demurrer.